**The Honorable Robert S. Lasnik**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIKING INSURANCE COMPANY OF WISCONSIN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KENNETH R. CURRY, a United States citizen residing in British Columbia, Canada,<br><br>　　　　　　Defendant. | No. CV06-0450RSL<br><br>DEFAULT JUDGMENT |

## I.   FINDINGS

The Court, having considered the evidence and argument of counsel, finds as follows:

1.　Defendant Curry was declared to be in default by default order entered June 29, 2006.

2.　Curry applied for car insurance with Viking in Colville, Washington, in July 2005, for a newly purchased 1991 Ford Explorer. Viking issued a personal auto policy to Curry under Policy Number 475617044 for the period July 11, 2005, to January 11, 2006 ("the Policy").

3.　In his application for the Policy, Curry provided an address in Colville, Washington, and indicated as follows: "I also certify that my principle residence/place of

DEFAULT JUDGMENT - 1

THORSRUD CANE & PAULICH
A PROFESSIONAL SERVICE CORPORATION
1300 PUGET SOUND PLAZA
1325 FOURTH AVENUE
SEATTLE, WA 98101
(206) 386-7755

garaging is in Washington ten (10) or more months each year." At the time, Curry was a resident of Nanaimo, British Columbia, and took the Ford Explorer to his address in Nanaimo. Curry intentionally misrepresented his principle residence/place of garaging in order to induce Viking to provide insurance.

4. On or about July 16, 2005, defendant Curry was in a single-car accident in Nanaimo, British Columbia that may have injured three passengers, Brandon Lind, Stephen Austin and Lee Austin, and may have caused damage to the property where the car came to rest.

5. As a result of the accident, the injured parties have demanded payment from Viking of the minimum insurance benefits required under British Columbia law, or $200,000 ("the Claims").

6. Curry has failed to provide Viking with any notice of, or information about the accident, has refused to talk to Viking's adjusters, and has failed to appear at a scheduled interview of which he had notice. Curry thereby breached the Policy's cooperation clause. This breach severely prejudiced Viking's ability to investigate the Claims.

7. The Policy affords no coverage for the Claims alleged by the injured persons, which do not come within the scope of coverage.

8. To the extent that any of the Claims may be within the scope of coverage, they are excluded by specific policy language.

II.   ADJUDICATION

On the basis of the foregoing, it is ORDERED, ADJUDGED, and DECREED as follows:

1. The Policy is void.

2. Defendant Kenneth R. Curry is not an insured party under the Policy.

3. The policy affords no coverage for the Claims.

DEFAULT JUDGMENT - 2

THORSRUD CANE & PAULICH
A PROFESSIONAL SERVICE CORPORATION
1300 PUGET SOUND PLAZA
1325 FOURTH AVENUE
SEATTLE, WA 98101
(206) 386-7755

4.  Viking has no obligation to defend or indemnify defendant Kenneth R. Curry with respect to the Claims.

DATED this 2nd day of August, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

DEFAULT JUDGMENT - 3

THORSRUD CANE & PAULICH
A PROFESSIONAL SERVICE CORPORATION
1300 PUGET SOUND PLAZA
1325 FOURTH AVENUE
SEATTLE, WA 98101
(206) 386-7755